## SEE HOP COMPANY *vs.* S. F. CHILLINGWORTH.

EXCEPTIONS TO FINDINGS OF MCCULLY, J.

JANUARY TERM, 1886.

JUDD, C. J. ; MCCULLY and PRESTON, JJ.

A complaint and search warrant for opium held to sufficiently describe the premises to be searched, and to allege probable cause; but as the complaint failed to allege, according to Chapter 48, Penal Code, that the article "is necessary to be produced as evidence or otherwise on a criminal trial;" held, following *Hang Lung Kee vs. Bickerton,* 4 Hawn. 584, that the complaint is defective in this material point.

Judgment for plaintiff affirmed.

FINDINGS OF MCCULLY, J., EXCEPTED TO.

THE defendant is a Deputy-Sheriff of the Island of Maui. The plaintiffs, in an action of case, complain and claim damages for a search made of their premises by the defendant, pursuant to a search warrant, which is given below, with the complaint on which it is based.

Complaint for Search Warrant. To Honorable L. Aholo, Police Justice in and for the District of Wailuku.

Saml. F. Chillingworth, Deputy-Sheriff of Maui, at Makawao, on oath, complains and informs the said Justice that your affiant is informed and verily believes that opium is in the possession of one Yee Hop, or See Hop, at Kahului, District of Wailuku, and that said opium, or a portion thereof, is concealed in and on the premises of Yee Hop at Kahului, aforesaid, and that said Yee Hop, or See Hop, is not a duly licensed physician or surgeon, nor did he receive said opium from the Board of Health, and that said opium is contraband in law, and prays a warrant to search for the same.

Dated this 6th day of February, 1885.

(Signed) SAML. F. CHILLINGWORTH.

67

Subscribed and sworn to this 6th day of February, 1885.
Before                    (Signed)                    L. AHOLO.

Police Justice of Wailuku.

### SEARCH WARRANT.

Maui ss.

To the Marshal of the Hawaiian Kingdom, his Deputy, or to any constable of the District of Wailuku.

You are required and commanded forthwith, with necessary and proper assistance, to enter into the house, grounds and premises of Yee Hop mentioned in the annexed information and complaint, and there to diligently search for the goods and articles specified in the said complaint, and if the same, or any part thereof, shall be found on such search, that you bring the goods and articles, so found, together with the body of the said Yee Hop (if found in your District) before me for examination.

Make due return of this Writ and of your proceedings thereon with all convenient speed.

Given under my hand this 6th day of February, 1886.

(Signed)                    <            L. AHOLO.

Police Justice of Wailuku.

The parties come into Court and agree that a verdict be entered against the defendant, with damages fifty dollars, subject to the ruling of the Court upon the sufficiency of the complaint.

### BY THE COURT.

The requisites of the Constitution as to search warrants are, (Art. 12,) probable cause, supported by oath or affirmation, and description of the place to be searched and the persons or things to be seized.   The premises to be searched are in this complaint, I think, sufficiently described, and the article to be seized, if found, is stated as opium, an article which it was a criminal offense to have in possession.   Information and belief, which are more than suspicion, being sworn to, may be "probable cause" on which a warrant may issue.   So far, then, as the Constitution prescribes particulars, the information in this case is complete.

It complies with the ruling of the Court in *Hang Lung Kee vs. Bickerton* and *Parke*, 4 Hawn. 584, in charging that the opium concealed on the described premises is in the possession of a per-

son named.   But the Court also say that "the search warrant can only be issued (unless elsewhere granted by statute) for the purposes specifically named in the statute, and it is clear that there must be an affidavit that the articles sought to be discovered are necessary to be produced as evidence, or otherwise, on a criminal trial."   The statute referred to is Chap. 48 Penal Code, wherein it is provided that search warrants may only issue (unless elsewhere granted by statute) in four cases, to discover stolen property, etc., to seize forged instruments or counterfeit coin, etc., to seize arms or munitions, etc., and fourthly, to discover articles necessary to be produced as evidence, or otherwise, on the trial of any one accused of a criminal offense.

Section 901, Civil Code, in providing for a warrant for the search of property wrongfully secreted, requires "some judicial purpose to be stated in the application."   No allegation to this effect appears in the complaint in this case.   Under the authority and the statute quoted, I am bound to hold that the complaint, while complete in all other respects, is defective in this material point.

Judgment will be entered on the verdict for the plaintiffs.

*A. S. Hartwell*, for the plaintiffs.

*The Attorney-General*, for the defendant.

Honolulu, August 20, 1885.

### BY THE COURT IN BANCO.

We have considered the question raised by the exception and the decision as rendered by the presiding justice, and see no reason to disagree with it, and therefore confirm the judgment rendered in favor of the plaintiff.